IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ENYINNE EUNICE EMUCHAY,

    Petitioner,

v.                                                          CASE NO. 4:04-cv-00300-MP-AK

JOSE VASQUEZ,

    Respondent.

_____/

**O R D E R**

This matter is before the Court on doc. 10, Motion for Reconsideration of doc. 8, the Order adopting the Report and Recommendation and dismissing this case. The order at doc. 8 dismissed the case because petitioner tried to use 28 U.S.C. § 2241 to raise a challenge that should have been raised through § 2255. The only exception to that rule requires that the Supreme Court expressly make a new rule of law applicable retroactively. The order at doc. 8 recognized that the rules announced in Booker and Blakely had never been made retroactively applicable and therefore dismissed petitioner's case.

In 2005, the Supreme Court decided Dodd v. United States, 125 S.Ct. 2478 (2005), which held that the one-year limitation period for filing a motion to vacate based on a right that was newly recognized by the Supreme Court ran from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. The Dodd case thus does not address whether any case has been made retroactively applicable; it merely instructs how to calculate the time limitations if a case is made

retroactively applicable. Therefore, the Dodd case is of no assistance to petitioner, and the Court sees no reason to reconsider its prior decision. The motion to reconsider, doc. 10, is denied.

**DONE AND ORDERED** this  5th  day of October, 2005

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge